UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| **JIMMIE DALE WHEELER,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:13-cv-364** |
| | § | |
| | § | |
| **JPMORGAN CHASE BANK,** | § | |
| **NATIONAL ASSOCIATION,** | § | |
| **SUCCESSOR BY MERGER TO CHASE** | § | |
| **HOME FAINANCE LLC, AND STM** | § | |
| **MORTGAGE COMPANY,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM & ORDER

The Court has received JP Morgan Chase Bank, National Association ("Defendant's" or "JP Morgan's") Motion to Dismiss (Doc. No.7) and Jimmie Dale Wheeler ("Plaintiff's" or "Wheeler's") Motion to Remand (Doc. No. 11). After considering the Motions, the Responses, and the applicable law, the Court concludes that the Motion to Remand should be **DENIED** and the Motion to Dismiss should be **GRANTED**.

## I. BACKGROUND

The home of Wheeler was scheduled to be foreclosed upon on February 5, 2013. The complaint seeks to quiet title or bring a trespass to try title claim for the property located at 8003 Albin Lane, Houston, Texas 77071 (the "Property"). The complaint also seeks temporary and permanent injunctive relief restraining JP Morgan Chase Bank,

National Association ("JP Morgan")[1] from foreclosing on the property. Plaintiff alleges causes of action for fraud, fraud in a real estate transaction, breach of contract, wrongful foreclosure, as well as seeking declaratory relief. On February 4, 2013, the day before the scheduled foreclosure, Plaintiff sought and obtained a temporary restraining order in state court. JP Morgan removed the case to federal court, arguing that STM Mortgage Company ("STM") has been improperly joined, and thus complete diversity is present. Plaintiff's Motion to Remand and JP Morgan's Motion to Dismiss are pending before this Court.

## II. LEGAL STANDARD

### A. Motion to Remand

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied,* 122 S.Ct. 459 (2001). Furthermore, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id; Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988). In deciding whether subject matter jurisdiction exists, a court must look to the claims in the state court pleadings as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. See *Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002). The removal statute states that diversity actions are removable "only

---

[1] JP Morgan is successor by merger to Chase Home Finance LLC.

if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

**B. Motion to Dismiss**

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim for which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). A claim "does not need detailed factual allegations" but must provide a party's grounds for entitlement to relief, "including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007), *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

A district court will dismiss a claim under Fed. R. of Civ. P. 12(b)(6) only if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1992). A complaint will survive a motion for dismissal only if the plaintiff pleads sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Twombly*, 550 U.S. at 570. Additionally, in a pleading alleging fraud, a plaintiff must state the circumstances constituting fraud with particularity. Fed. R. Civ. P. 9(b); *see Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

### III. ANALYSIS

### A. Motion to Remand

The Court will first assess whether it has jurisdiction over Defendants, or whether remanding this case is appropriate. JP Morgan removed the case, arguing that Defendant STM, a Texas citizen, has been improperly joined, and therefore its consent to removal is not required. (Doc. No. 1, ¶ 6.) Without STM, there is complete diversity between the parties. To show that a defendant was improperly joined, a defendant need not show "an absence of any probability of recovery." *Gray v. Beverly Enters.-Miss., Inc.,* 390 F.3d 400, 405 (5th Cir. 2004). A "defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court." *Id.*

The only allegation that Plaintiff makes regarding STM in the Complaint is that STM is the original mortgagee, and that "the authenticity of any and every transfer or assignment of title between the original lender and any subsequent holder" is suspect. (Doc. No. 11, ¶ 14.) JP Morgan argues that Plaintiff cannot challenge the assignment, as he was not a party to any assignment of the note or deed of trust, and does not have standing. Plaintiff argues that the assignment is void, and thus can be challenged by a debtor who was not a party to the original assignment. In support of this argument, Plaintiff cites three recent cases: *Miller v. Homecomings Fin., LLC,* 881 F.Supp. 2d 825, 831 (S.D. Tex. 2012) and *Ortiz v. Citimortgage, Inc.,* CIV.A. H-12-3580, 2013 WL 3157907 (S.D. Tex. June 20, 2013). In all three cases, the plaintiffs were permitted to challenge a void assignment. *See, e.g., Miller,* 881 F.Supp. 2d at 831; *Ortiz,* 2013 WL 3157907, at *3. Plaintiff argues that this case is similar, alleging that STM Mortgage never actually assigned Plaintiff's deed of trust, nor endorsed the note to Chase.

The Fifth Circuit recently clarified the circumstances under which a borrower has standing to challenge the chain of assignments providing the authority for a lender to foreclose. *Reinagel v. Deutsche Bank Nat. Trust Co.*, 12-50569, 2013 WL 3480207 (5th Cir. July 11, 2013). The Fifth Circuit concluded "[t]hough 'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor may defend 'on any ground which renders the assignment void.'" *Id.* The case before this Court is distinguishable from *Miller* and *Ortiz* because none of the allegations made by Plaintiff would render the assignments void. Both *Miller* and *Ortiz* presented factual scenarios where there was a gap in the chain of recorded assignments of the deed of trust, or there was no recorded assignment of the deed of trust. *Miller*, 881 F.Supp.2d at 831; *Ortiz*, 2013 WL 3157907, at *3. However, JP Morgan has demonstrated a complete chain of assignments from the originating lender to JP Morgan.[2]

Plaintiff challenges whether the note has the necessary indorsements for foreclosure. *Miller* makes clear that, while the proof of a proper chain of indorsements may be sufficient to grant a party standing to foreclose, it is not necessary. *Miller,* 891 F.Supp.2d at 830 ("holding the original note is one way to establish the right to foreclose, but not the only way.") This reading of *Miller* is consistent with the Fifth Circuit's

---

[2] The Deed of Trust was made to STM. (Doc. No. 20-2.) STM assigned the Deed of Trust to ARCS Mortgage, Inc. ("ARCS"). (Doc. No. 20-3.) ARCS assigned the Deed of Trust to Chase Manhattan Mortgage Corporation3 who then merged into Chase Home Finance LLC ("CHF"). (Doc. No. 20-4, 20-6.) CHF assigned the Deed of Trust to JP Morgan. (Doc. No. 20-5.)

The Court may take judicial notice of the public record containing the complete chain of assignments. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1017-18 (5th Cir. 1996) (in a Rule 12(b)(6) motion, a court may consider matters of which it may take judicial notice, including public records).

holding, that the chain of assignments is itself sufficient to establish standing to foreclose, even without the original note. *Martins v. BAC Home Loan Servicing,* 12-20559, 2013 WL 3213633, at *2 (5th Cir. June 26, 2013). The Court concludes that there is no requirement that JP Morgan show a chain of indorsements, when a recorded chain of assignments exists. Plaintiff's challenges to the assignment fail. The Court concludes that STM was improperly joined because there is no viable claim Plaintiff may bring against STM. Therefore, the Motion to Remand is **DENIED**.

**B. Motion to Dismiss**

**1. Possession of Note and Bifurcated Note theory**

Plaintiff's Complaint contains many allegations regarding the defect in the assignment of the note. They include that 1) it was not correctly recorded in the Harris County Clerk's Office, 2) it was not correctly assigned to JP Morgan, and 3) the note and deed of trust have been bifurcated, making the deed of trust null. (Doc. No. 1-4, ¶ 14-15, 25, 35-37, 47, 48, 57.) These theories have been discredited by Texas courts.

First, Plaintiff claims that the note was improperly recorded. However, a foreclosure enforces the deed of trust, not the underlying note. *Wells v. BAC Home Loans Servicing, L.P.*, W-10-CA-00350, 2011 WL 2163987 (W.D. Tex. Apr. 26, 2011) *Broyles v. Chase Home Fin.,* No. 3:10–CV–2256–G, 2011 WL 1428904, at *3 (N.D.Tex. Apr.13, 2011); *Griffin v. BAC Home Loans Servicing, L.P.,* No. H–09–03842, 2011 WL 675285, at *2 (S.D.Tex. Feb.26, 2011); *Sawyer v. Mortg. Elec. Registration Sys., Inc .,* No. 3:09–CV–2303–K, 2010 WL 996768, at *3 (N.D.Tex. Feb.1, 2010), *adopted,* 2010 WL 996917 (N.D.Tex. Mar.17, 2010). There is no requirement to produce or even possess the original promissory note before foreclosing on a deed of trust. *Id.* (citing *Aquero v.*

*Ramirez,* 70 S.W.3d 372, 375 (Tex. App.—Corpus Christi 2002, pet. denied) and *Carter v. Gray,* 125 Tex. 219, 221, 81 S.W. 647, 648 (1935)). Additionally, Texas courts have acknowledged there is no authority in Texas that "requires the recording of assignments of a Note." *KCB Equities, Inc. v. HSBC Bank USA, Nat. Ass'n*, 05-10-01648-CV, 2012 WL 1985899 (Tex. App. June 4, 2012); *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Elec. Registration Sys., Inc.*, 3:12-CV-0613-D, 2012 WL 2196040, at *2 (N.D. Tex. June 15, 2012). Therefore, Plaintiff's claim that the note was not properly recorded must be dismissed.

Second, Plaintiff argues that the note was not correctly assigned to JP Morgan. JP Morgan has demonstrated the chain of assignments. (See Section III(A).) Regardless of whether JP Morgan is the holder of the note, the Fifth Circuit has recognized that a chain of recorded assignments is sufficient to allow a lender to establish its standing to foreclose. *Martins¸* 2013 WL 3213633, at *3-*4. Therefore, Plaintiff's claim regarding assignments must be dismissed.

Third, Plaintiff argues that the note and deed have been bifurcated, and that, as a result, the deed of trust is null and that the note has been paid in full. (Doc. No. 1-4, ¶ 48.) The Fifth Circuit rejected this "split-note" theory in *Wigginton v. Bank of New York Mellon*, 488 Fed. Appx. 868, 870 (5th Cir. 2012). In its holding, the Fifth Circuit reasoned, "Winning a free house simply because the mortgage lenders sought to use normal means to recover it from a defaulted debtor would indeed be a lucky strike. But such windfalls are the province of the sweepstakes, not of the federal courts." *Id.* at 871 (5th Cir. 2012); *See also Bierwirth v. BAC Home Loans Servicing, L.P.,* 03-11-00644-CV, 2012 WL 3793190 (Tex. App. Aug. 30, 2012) (rejecting the split-note or "show me

the note" argument, reasoning that "foreclosure statutes simply do not require possession or production of the original note"). It is clear that a note is not satisfied or paid off merely because it is assigned from one party to another. The Court dismisses Plaintiff's split-note claim.

## 2. Breach of Contract

Plaintiff states he "is pursuing multiple avenues of recovery to address the wrongful actions of Defendants including breach of contract . . ." (Doc. No. 1-4, ¶ 38.) This is the only sentence in Plaintiff's Complaint that alleges a breach of contract claim. A breach of contract claim requires Plaintiff to establish: (1) the existence of a valid contract; (2) performance by the Plaintiff; (3) a breach by JP Morgan; and (4) damages resulting from the breach. *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (*quoting Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Plaintiff must identify both the contract and the provisions JP Morgan allegedly violated. *See Blakeley v. Boltinghouse*, No. H-03-4901, 2005 WL 1185944, *5 (S.D. Tex. May 4, 2005). As Plaintiff's claim is alleged, Plaintiff fails to identify the essential terms of the alleged agreement, what provision has been breached, or the injury that resulted.

The only mention of a possible breach of contract is Plaintiff's claim that he did not receive notice of the foreclosure sale in a timely manner, pursuant to Tex. Prop. Code § 51.002(d). Plaintiff states that he "received notice a mere 14 days prior to the scheduled dated of foreclosure." (Doc. No. 1-4, ¶ 13.) However, the property code and the deed of trust[3] require only that notice be *sent* twenty days prior to the foreclosure sale, not that

---

[3] (Doc. No. 20-1, ¶ 21.)

the Borrower receive it twenty days prior to the foreclosure sale. *Salazar v. Steeplechase Owner's Assoc.*, 2000 WL 254035, *3 (Tex.App.-San Antonio, 2003). The property code states that service "of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Tex. Prop. Code § 51.002(e). Plaintiff has failed to allege that JP Morgan did not send the notice in a timely manner. The lack of timely notice is an inadequate basis for Plaintiff's breach of contract claim. The Court dismisses Plaintiff's breach of contract claim.

**3. Trespass to Try Title Claim/Quiet Title**

Plaintiff's complaint asserts that "Plaintiff is the lawful owner of the Subject Property, and that, upon information and belief, the purchase by Fannie Mae (the Federal National Mortgage Association) asserted an invalid interest in and to the Subject Property which no person or entity could lawfully acquire or lawfully convey." (Doc. No. 1-4, ¶ 54.)

A trespass to try title action is the procedure for determining disputes about title to land, tenements, or other real property. TEX. PROP. CODE § 22.001; *Jordan v. Bustamante,* 158 S.W.3d 29, 35 (Tex. App. 2005). To state a valid claim, the claimant must allege sufficient facts showing: (1) a regular chain of conveyances from the sovereign; (2) superior title from of a common source; (3) title by limitations; or (4) title by prior possession with proof that possession was not abandoned. *Martin v. Amerman,* 133 S.W.3d 262, 265 (Tex. 2004). Alternatively, if Plaintiff is alleging a claim to quiet title, a plaintiff "must allege right, title, or ownership in [herself] with sufficient certainty to enable the court to see that [she] has a right of ownership that warrants judicial

interference." *AIC Management v. Baker*, 2003 WL 22724629 at *5 (Tex. App.—Houston [1st Dist.] Nov. 20, 2003, pet. denied) (citing *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied)).

Plaintiff's complaint does not adequately plead either claim. Plaintiff alleges that Fannie Mae asserted an invalid interest in his property. However, Fannie Mae is a non-party, and not a defendant in this case. Plaintiff spends three paragraphs discussing the standard for being a "holder" of a note and enforcing said note. (Doc. No. 1-4, ¶¶ 51-53.) However, Plaintiff does not establish that he has a superior title in a trespass to try title suit. Because Plaintiff fails to allege a plausible claim to try title claim or quiet title, the Court must dismiss this claim.

### 4. **Fraud Claims**

Plaintiff states that the "notes were never assigned to Defendants. By representing to Plaintiff that they had the power to foreclose and that it was the holder . . . Defendants perpetrated fraud on Plaintiffs." (Doc. 1-4, ¶ 57.) Fraud has a heightened pleading standard, requiring the Plaintiff to specify time, place, and content of the misrepresentation, as well as the identity of the speaker and what benefit the speaker gained from the misrepresentation. *Williams v. WMX Techs., Inc.* 112 F.3d 175, 177 (5th Cir. 1997). Plaintiff does not specify the time, place, or speaker of the misrepresentation, and thus the statement does not meet the standard set forth in Fed. R. Civ. P. 9(b).

Additionally, Plaintiff's statement is based on the discredited legal theories that the assignment to JP Morgan was invalid. This argument is discussed by the Court in Section III(A). Plaintiff also relies on the faulty theory that JP Morgan must actually possess the note to foreclose on the property, discussed in Section III(B)(1).

Plaintiff's fraud in real estate claim, pled under Section 27.01 of the Texas Business & Commerce Code, must also be dismissed. A plaintiff must show that the defendant made "misrepresentations of material fact . . . to induce another to enter into a contract for the sale of land or stock." *Burleson State Bank v. Plunkett,* 27 S.W.3d 605, 611 (Tex. App. 2000). Statutory fraud cannot arise from a transaction between mortgagor and a mortgage servicer because it does not involve the sale or transfer of real estate. *Marketic v. U.S. Bank Nat'l Ass'n,* 436 F.Supp.2d 842, 856 (N.D. Tex. Jun. 15, 2006). Both Plaintiff's fraud claim and fraud in real estate claims must be dismissed.

## 5. Wrongful Foreclosure

Plaintiff references a wrongful or attempted wrongful foreclosure claim multiple times in the Complaint. (Doc. No. 1-3 ¶¶ 13, 25, 27-29, 39, 43-45.) Any wrongful foreclosure claim must be disregarded because no foreclosure has actually occurred. *Ayers v. Aurora Loan Servs.*, 787 F. Supp. 2d 451, 454 (E.D. Tex. 2011) ("Plaintiff's property code allegations do not state a claim on which relief can be granted. Plaintiff has not alleged an actual violation of the Texas Property Code because no foreclosure sale has occurred.") There is no cause of action for attempted wrongful foreclosure. *See, e.g., Cyrilien v. Wells Fargo Bank, N.A.*, No. H-10-5018, 2012 WL 2133551, at *2 n.1 (S.D. Tex. June 11, 2012). The Court must dismiss this claim.

## 6. Injunctive and Declaratory Relief

In order for Plaintiff to request injunctive relief, there must be a cause of action supporting an entry of a judgment. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Moreover, it is well established that a prerequisite for a plaintiff to obtain injunctive relief is a showing of a substantial likelihood of success on the merits of the

case. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *see also DCS Communications Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 285 (5th Cir. 1999). Because none of Plaintiff's claims survives Defendants' Motion, Plaintiff's request for injunctive relief must be dismissed.

To be entitled to declaratory relief, the court must determine (1) whether the declaratory action is justiciable (i.e., an actual controversy exists under Article III), (2) that it has authority to grant the declaratory relief requested in the case presented, and (3) whether it will exercise its discretion to decide or dismiss a declaratory judgment action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). The federal Declaratory Judgment Act is procedural and requires that other substantive law supply the relevant cause of action. *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Because Plaintiff's substantive claims have been dismissed, Plaintiff cannot seek declaratory relief.

Federal Rule of Civil Procedure 15 provides that this Court "should freely give leave when justice so requires." *Cole v. Sandel Med. Indus., LLC.,* 413 Fed.Appx. 683, 688 (5th Cir.2011) (quoting Fed.R.Civ.P. 15(a)(2)). In considering whether to grant leave to amend, the Court may weigh multiple factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice, and futility. *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir.1993)l; *see also United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010) (holding that denial of leave to amend may be appropriate when amendment would be futile); *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (A proposed amendment is

futile if "the amended complaint would fail to state a claim upon which relief can be granted.")

The Court finds that Plaintiff may amend his complaint. However, the Court requests that Plaintiff not rely on theories that have already been rejected by the Court — those challenging JP Morgan's possession of the original note, the chain of assignment, or the bifurcation of the note and deed of trust. An amendment to the complaint relying on these discredited theories would be futile under existing Texas law. Any claims that Plaintiff believes can be amended, without relying on those theories, may be repled.

## IV. CONCLUSION

Plaintiff's Motion to Remand is **DENIED.** Defendant's Motion to Dismiss is **GRANTED.** If Plaintiff chooses to amend his complaint, he must do so within 14 days of this Order.

IT IS SO ORDERED.

SIGNED at Houston, Texas on this the 31st day of July, 2013.


KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

13